UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Sebastian Jimenez-Morales
(A-Number: 209-870-270),

Petitioner,

v.

Warden, California City Correctional
Center; Field Office Director, San Diego
Field Office, United States Immigration and
Customs Enforcement; Todd M. Lyons,
Acting Director, United States Immigration
and Customs Enforcement; Kristi Noem,
Secretary of Homeland Security; Pamela Jo
Bondi, United States Attorney General,

Respondents.

No.  2:26-cv-00898-KES-SKO (HC)

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS

Doc. 1

Petitioner Sebastian Jimenez-Morales is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by claim one of the petition.  *See, e.g.*, *Sergio S.M. v. Noem*, No. 1:25-CV-01973-KES-HBK (HC), 2025 WL 3768206 (E.D. Cal. Dec. 31, 2025); *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2686866 (E.D. Cal. Sept. 18, 2025).

1

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 5.  Respondents "submit there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order."  Doc. 6 at 1.  While respondents oppose the petition, they do not raise any new arguments.  *See id.* at 1–2.[1]

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Sergio S.M. v. Noem*, No. 1:25-CV-01973-KES-HBK (HC), 2025 WL 3768206 (E.D. Cal. Dec. 31, 2025), and *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2686866 (E.D. Cal. Sept. 18, 2025), the petition for writ of habeas corpus is GRANTED as to claim one, for the reasons addressed in those prior orders.[2]

Respondent is ENJOINED AND RESTRAINED from detaining petitioner Sebastian Jimenez-Morales (A-Number: 209-870-270) unless the government demonstrates, within fourteen (14) days of the date of this Order, by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Respondent shall provide petitioner with 48 hours' written notice before said bond hearing.

//

//

---

[1] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which appears to concern the issue of whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025.  *See* Doc. 6 at 2.  But here immigration officials did previously encounter petitioner and they released him after implicitly determining that he did not pose a flight risk or a danger, and the issue is whether the Due Process Clause requires a pre-deprivation hearing prior to his *re-detention*.  Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance pending the *Rodriguez* appeal.

[2] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on claim one.

Respondent is ORDERED to provide petitioner with a copy of this Order.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:    March 20, 2026

_____
UNITED STATES DISTRICT JUDGE